Matter of Bertram v Metropolitan Transp. Auth. (2024 NY Slip Op 05273)

Matter of Bertram v Metropolitan Transp. Auth.

2024 NY Slip Op 05273

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 150357/23 Appeal No. 2886 Case No. 2023-04912 

[*1]In the Matter of James Bertram, Petitioner-Appellant,
v
Metropolitan Transportation Authority, Respondent-Respondent.

Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Brian Confino, New York, for respondent.

Judgment (denominated an order), Supreme Court, New York County (Erika M. Edwards, J.), entered September 13, 2023, denying the petition to annul determinations of the Metropolitan Transportation Authority, dated October 6, 2021, and October 26, 2022, which denied petitioner's application for a promotion, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The petition was filed well over four months after the October 6, 2021 personnel order and is therefore time-barred as to that order (see CPLR 217[1]; Matter of Hia v New York City Dept. of Corr., 110 AD3d 570, 571 [1st Dept 2013]).
As to the October 26, 2022 personnel order, the Metropolitan Transportation Authority Police Department (MTAPD) demonstrated a rational basis for its decision not to promote petitioner to the rank of lieutenant in that personnel order (see Matter of Leone v City of New York, 82 AD3d 476, 477 [1st Dept 2011]). It is undisputed that disciplinary charges against petitioner were pending at the time of the October 26, 2022 personnel order denying him a promotion. The MTAPD's decision was consistent with the agency's "practice," according to the affidavit of its assistant chief in the Internal Affairs Bureau, "to not promote MTAPD members to the rank of lieutenant (or higher) while they have any disciplinary action pending." That petitioner was ultimately cleared of the charges does not make the decision irrational (see Matter of Kercado v Ward, 166 AD2d 280, 281 [1st Dept 1990]). Petitioner's assertions that he was treated differently from other candidates, and that the MTAPD did not adhere to the collective bargaining agreement's deadlines for resolving disciplinary matters, are unsupported by the record.
We have considered petitioner's additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024